CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | | |
|---|---|---|
| MARCOS ANGEL GARCIA, on behalf of himself and others similarly situated, | : | Case No. |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| -against- | : | **Jury Trial Demanded** |
| | : | |
| POMODORO HUGUENOT AVE. INC. d/b/a/ IL IL POMODORO PIZZA & PASTA, IL POMODORO PIZZA CAFÉ INC. d/b/a IL POMODORO PIZZA CAFÉ, RAMAZAN RAMUSEVIC, and CEMAL RAMUSEVIC, | : : : : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------X

Plaintiff, MARCOS ANGEL GARCIA, (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, POMODORO HUGUENOT AVE. INC. d/b/a IL POMODORO PIZZA & PASTA ("POMODORO HUGUENOT"), IL POMODORO PIZZA CAFÉ INC. d/b/a IL POMODORO PIZZA CAFÉ ("IL POMODORO"), RAMAZAN RAMUSEVIC, and CEMAL RAMUSEVIC (collectively referred to as "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Richmond County, New York.

6.      Defendant, POMODORO HUGUENOT, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 895 Huguenot Avenue, Staten Island, New York 10312.

7.     Defendant, IL POMODORO, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1778 Hyland Boulevard, Staten Island, New York 10305.

8.     Prior to its current location, defendant, IL POMODORO, operated its business at 1700 Hyland Boulevard, Staten Island, New York 10305 under the same trade name "Il Pomodoro Pizza Café."

9.     Defendant, RAMAZAN RAMUSEVIC, is an owner, shareholder, Chief Executive Officer, director, supervisor, managing agent and/or proprietor of POMODORO HUGUENOT and/or IL POMODORO, whose address is unknown at this time, and who actively participated in the day-to-day operations of POMODORO HUGUENOT and/or IL POMODORO, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with POMODORO HUGUENOT and IL POMODORO.

10.     Defendant, CEMAL RAMUSEVIC, is defendant RAMAZAN RAMUSEVIC'S brother, and is an owner, shareholder, Chief Executive Officer, director, supervisor, managing agent and/or proprietor of POMODORO HUGUENOT and/or IL POMODORO, and who acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with POMODORO HUGUENOT and IL POMODORO.

11.    Each of the Defendants, RAMAZAN RAMUSEVIC and CEMAL RAMUSEVIC, exercised control over the terms and conditions of Plaintiff's employment, in that they each had the power and authority to: (i) hire and fire, (ii) determine rates and methods of pay, (iii) determine work schedules, and (iv) supervise and direct employees, including Plaintiff, and (v) otherwise affect the quality of Plaintiff's employment.

12.    Upon information and belief, at all times relevant to the allegations in this Complaint, each of the corporate defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

13.    Plaintiff, MARCOS ANGEL GARCIA, was continuously employed by Defendants in Richmond County, New York to work as a non-exempt cook from in or about April 2008 until in or about January 2011.

14.    Plaintiff worked for the Defendants at POMODORO HUGUENOT, located at 895 Huguenot Avenue, Staten Island, New York for approximately the first two (2) years of his employment.

15.    In or about mid 2010, Defendants RAMAZAN RAMUSEVIC and CEMAL RAMUSEVIC instructed Plaintiff to work at IL POMODORO, at its then location at 1700 Hylan Boulevard, Staten Island, New York.

16.     Plaintiff continued to work for the Defendants at IL POMODORO, at its 1700 Hyland Boulevard location for the remainder of his employment in January 2011.

17.     Upon information and belief, shortly after terminating Plaintiff's employment in January 2011, Defendants closed its operations at its 1700 Hylan Boulevard location, and began operating at its current location of 1778 Hylan Boulevard.

18.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

19.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

23.     In or about April 2008, Plaintiff, MARCO ANGEL GARCIA, was hired by Defendant RAMAZAN RAMUSEVIC to work as a non-exempt cook at POMODORO HUGUENONT.

24.     In or about mid 2010, Defendants RAMAZAN RAMUSEVIC and CEMAL RAMUSEVIC transferred Plaintiff to work at IL POMODORO in the same capacity.

25.     Plaintiff continuously worked for the Defendants in such capacity until in or about January 2011.

26.     Plaintiff typically worked over forty (40) hours per week.

27.     Plaintiff typically worked six (6) days a week, and worked a shift of approximately fourteen (14) hours per day from 10:00 a.m. until 12:00 a.m.

28.     From the beginning of his employment through approximately mid 2010, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid $500 per week, straight time for all hours worked, and worked approximately eighty-four (84) hours per week (for a regular hourly rate of $5.95).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29.     In or about mid 2010 and continuing for the remainder of Plaintiff's employment in or about January 2011, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid $600 per week, straight time for all hours worked, and worked approximately eighty-four (84) hours per week (for a regular hourly rate of $7.14).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30.     Throughout the entirety of Plaintiff's employment, Defendants RAMAZAN RAMUSEVIC and CEMAL RAMUSEVIC supervised Plaintiff's work on a

daily basis, set Plaintiff's pay, set Plaintiff's work schedule, directed Plaintiff as to which location he was to work, and ultimately terminated Plaintiff's employment.

31.     Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

32.     Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

34.     Upon information and belief, each of the corporate defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants RAMAZAN RAMUSEVIC and CEMAL RAMUSEVIC.

35.     Upon information and belief, the corporate defendants each engage in related activities, namely, providing restaurant services to the general public. The Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same policy or scheme, shared control over the employees, and are under common control.

36.     Upon information and belief, the corporate defendants are controlled by the same owner, or owner group, operate as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

37.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

38.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and/or pay records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

8

42.     Plaintiff worked hours for which he was not paid the statutory minimum wage.

43.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

44.     Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

45.     Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

46.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

49.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make,

keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

53.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

54.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

56.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay him minimum wages in the lawful amount for hours worked.

57.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay him overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

58.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§ 146-1.6, 142-2.4.

59.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 138-3.2; 146-2.3.

60.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

61.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 138-3.1; 146-2.1.

62.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

63.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

64.     Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, MARCOS ANGEL GARCIA, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of liquidated damages and/or civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and,

(i)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       October 2, 2012

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
jcilenti@jcpclaw.com

By: _____
        Justin Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Marcos A. Garcia_, am an employee formerly employed by

_IL Pomodoro Pizza_, and/or related entities. I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York

_8 / 27_ , 2012

Sworn to before me this _27_
day of _Aug._ , 2012.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015